UNSEALED 3/6/08

ORDERED SEALED BY COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Magistrate Case No. '08 MJ 0667 |
| | ) | |
| Plaintiff, | ) | Title 21, U.S.C., Sec. 841(a)(1) -- |
| | ) | Distribution of Oxycodone |
| v. | ) | (a Schedule II Controlled Substance) |
| | ) | |
| AHMAD H. HNAINO, | ) | Title 21, U.S.C., Sec. 841(a)(1) – |
| | ) | Distribution of Hydrocodone Bitartrate |
| Defendant. | ) | (a Schedule III Controlled Substance) |
| | ) | |
| | ) | Title 18, U.S.C., Sec. 2 -- Aiding and Abetting |

FILED MAR - 5 2008 CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY DEPUTY

The undersigned complainant, being duly sworn, states:

### COUNT 1

On or about February 29, 2008, within the Southern District of California, defendant AHMAD H. HNAINO, did knowingly and intentionally distribute approximately 38.16 grams of Oxycodone (actual), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### COUNT 2

On or about February 29, 2008, within the Southern District of California, defendant AHMAD H. HNAINO, did knowingly and intentionally distribute approximately 6,000 tablets of Hydrocodone Bitartrate, a Schedule III Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

GERALD K. COOK
Special Agent
Federal Bureau of Investigation

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 5th DAY OF MARCH 2008.

HONORABLE CATHY ANN BENCIVENGO
United States Magistrate Judge

## STATEMENT OF FACTS

On February 25, 2008, a Confidential Source of Information ("CI") advised special agents of the Federal Bureau of Investigation ("FBI") that, since 2007, the defendant, AHMAD H. HNAINO, has illegally distributed large quantities of oxycodone[1] and hydrocodone bitartrate[2] to a customer who did not have a medical prescription. The defendant is the Pharmacist-in-Charge at White Cross Drug Store in San Diego, California and is licensed to distribute pharmaceuticals to individuals who have a valid medical prescription.

The CI does not have a license to distribute pharmaceuticals. The CI further advised that the CI delivered the oxycodone and hydrocodone bitartrate to the customer on the defendant's behalf, and obtained money from the customer for prior drug deliveries which was delivered by the CI to the defendant.

On February 26, 2008, the CI called the defendant and told him that the customer wanted more oxycodone and hydrocodone bitartrate. The CI further advised the defendant that the customer had the $15,000 the customer owed the defendant for previous drug purchases. The defendant agreed to obtain the drugs and advised the CI that the defendant would call later that day or the next day.

On February 28, 2008, the CI called the defendant regarding the status of the order. The defendant advised that he could provide the hydrocodone bitartrate to the CI that day but would not be able to get the oxycodone tablets to the CI until the next day. The CI and the defendant agreed that the CI would take delivery of the drugs on February 29, 2008. The CI would then deliver the drugs to the customer and obtain the $15,000 owed by the customer to the defendant, which the CI would then deliver to the defendant.

On February 29, 2008, the CI met with the defendant in a parking lot located at 8730 Rio San Diego Drive, San Diego, California. The defendant removed two plastic bags with the name "Good Neighbor Pharmacy" from his vehicle and handed them to the CI who placed the bags in the back of the CI's vehicle.

FBI Special Agents recovered the bags that the defendant placed into the CI's vehicle and determined that each bag contained six sealed bottles of Watson brand hydrocodone bitartrate tablets, with 500 tablets per bottle – a total of 6,000 tablets of hydrocodone bitartrate. Agents also found a white paper bag (also bearing the name "Good Neighbor Pharmacy") that contained four sealed bottles of Purdue Pharma brand 80 mg oxycodone tablets, with 100 tablets per bottle, and one bottle of Purdue Pharma brand 80 mg oxycodone tablets with the seal broken, which contained 77 tablets – a total of 477 tablets of oxycodone or 38.16 grams Oxycodone (actual).

---

[1] Oxycodone is a potent and potentially addictive opioid analgesic medication synthesized from thebaine. It is a Schedule II controlled substance both as a single agent and in combination with other products such as acetaminophen, ibuprofen, or asprin.

[2] Hydrocodone is a narcotic which relieves pain by binding to opioid receptors in the brain and spinal cord. Pure hydrocodone, and forms containing more than 15 mg per dosage unit, are Schedule II controlled substances. Tablets consisting of less than 15 mg hydrocodone per dosage unit constitute hydrocodone bitartrate and are Schedule III controlled substances.

1

Approximately two hours after the defendant distributed the drugs, the defendant met with the CI near a coffee shop in La Jolla, California. The defendant got into the CI's vehicle and the CI handed a white envelope that contained $15,000 in United States currency to the defendant. The defendant got out of the CI's vehicle carrying the white envelope with the $15,000 which the defendant placed in his green Saab.

Based on the aforementioned facts, there is probable cause to believe that the defendant, AHMAD H. HNAINO, did knowingly and intentionally distribute approximately 38 grams of oxycodone (actual), a Schedule II Controlled Substance, and approximately 6,000 tablets of hydrocodone bitartrate, a Schedule III Controlled Substance, all in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.